UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRIAN PORTER,<br>Plaintiff, | : | |
| v. | : | CA 05-411 T |
| CITY OF PROVIDENCE MAYOR,<br>Defendant. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

On October 6, 2005, this Magistrate Judge entered an order denying without prejudice Plaintiff's application to proceed without prepayment of fees. See Order Denying without Prejudice Application to Proceed without Prepayment of Fees (Document ("Doc.") #3) ("Order of 10/6/05"). The Order of 10/6/05 noted that Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application") was deficient in several respects, see Order of 10/6/05 at 1, and directed Plaintiff "to submit a signed application and affidavit in which he answers all questions and provides supporting information where requested," id. at 1-2. Plaintiff failed to comply with this directive.

Plaintiff's noncompliance came to the attention of the Court on August 15, 2006. On that date this Magistrate Judge issued a Show Cause Order (Doc. #5), directing Plaintiff to appear at 2:00 p.m. on September 5, 2006, and show cause why the matter should not be dismissed for lack of prosecution.

A copy of the Show Cause Order was mailed on August 15, 2006, to Plaintiff at 25 Messina Street, Providence, Rhode Island 02908, the address which he provided to the Clerk when he filed the instant action on September 30, 2005, see Certificate of

Service attached to Complaint; see also Civil Cover Sheet. This mail was returned to the Clerk with an attached sticker from the U.S. Postal Service, dated August 19, 2006, which stated:

Return to Sender
Not Deliverable as Addressed
Unable to Forward

A copy of the envelope bearing the above sticker is attached as an exhibit to this Report and Recommendation.

Not surprisingly, given that the Show Cause Order was returned by the Postal Service, Plaintiff did not appear at the September 5, 2006, hearing. Although Plaintiff is proceeding pro se, this status does not excuse him from complying with procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 24 n.4 (1st Cir. 2000). In this case, Plaintiff has failed for more than ten months to comply with the Order of 10/6/05, he has failed to keep the Clerk informed of any change in his address as required by District of Rhode Island Local Rule ("DRI LR") Gen 205(d)(1),[1] and he has failed to show cause why the instant matter should not be dismissed for lack of prosecution.[2] Each of these circumstances

---

[1] District of Rhode Island Local Rule ("DRI LR") Gen 205(d)(1) provides:

> Every *pro se* litigant shall inform the Clerk in writing of any change of name, address, telephone number, and/or fax number within ten (10) days of such change.

DRI LR Gen 205(d)(1).

[2] Although the Show Cause Order sent to Plaintiff was returned, pursuant to DRI LR Gen 205(d)(2) the Court may treat it as having been delivered:

> Any notice sent to and any paper served on a *pro se* litigant shall be deemed delivered if sent to the most recent address or fax number provided by the litigant pursuant to subsection (b) or (c) of this Rule.

provides a justifiable basis for dismissal. See Bachier-Ortiz v. Colon-Mendoza, 331 F.3d 193, 195 (1st Cir. 2003)(stating that sanction of dismissal for lack of prosecution is appropriate "when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable"); Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[C]ourts cannot function if litigants may, with impunity, disobey lawful orders.")(quoting HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988)); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002)("Failure to follow a district court's local rules is a proper ground for dismissal.")(quoting Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)).

Accordingly, I find that this action should be dismissed because of Plaintiff's failure to comply with the Order of 10/6/05, his failure to comply with DRI LR Gen 205(d)(1), and his failure to show cause on September 5, 2006, why the matter should not be dismissed for lack of prosecution. I so recommend.

**Conclusion**

For the reasons stated above, I recommend that this action be dismissed. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

DRI LR Gen 205(d)(2).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
September 7, 2006

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
PROVIDENCE, RHODE ISLAND 02903-1779

OFFICIAL BUSINESS

012H16206190
Hasler
$00.390
08/15/2006
Mailed From 02903
US POSTAGE

UTF

NIXIE 029 1 02 08/19/06
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 02903 *0122-01167-15-39

02908$1613 C017